```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

United States of America,        :

    Plaintiff,               :

  v.                               :    Case No. 2:07-mj-0005

Destine LaMarr Shook,            :    MAGISTRATE JUDGE KEMP

    Defendant.               :

<u>DETENTION ORDER</u>

    The above defendant appeared before the Court for a preliminary hearing and detention hearing on January 17, 2007. He waived his preliminary hearing.  After hearing argument, the Court ordered him detained without bond pending further proceedings.  The purpose of this order is to set forth in writing the reasons for that decision.

    The defendant was charged in a criminal complaint with the possession with intent to distribute of over 50 grams of cocaine base, or crack cocaine.  According to the complaint, the defendant was subjected to a traffic stop on U.S. Route 23 in Pickaway County, Ohio on January 8, 2006.  During the traffic stop, the defendant admitted that he had cocaine in his vehicle. A subsequent consent search of the vehicle turned up, among other things, a bag of crack cocaine weighing approximately 183 grams. By waiving his preliminary hearing, the defendant has conceded that there is probable cause to support the charge described in the complaint.  The United States' request for detention was based upon the presumption which arises when there is probable cause to believe that a defendant has committed a serious drug offense and is evaluated under the following legal standard.

    <u>Legal Standard Applicable</u>.  The United States' request

for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq)...[or] an offense under section 924(c)...of this title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable

presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

In this case, the presumption is strong because the defendant is charged with a crime that carries a 10-year

3

mandatory minimum term of imprisonment, and because he has already admitted his possession of the narcotics in question. Further, the pretrial services report submitted in this case contains little favorable information to rebut the presumption. Although the defendant is self-employed, he has earned little income over the past year.  He has resided both in Huntington, West Virginia and Columbus over the past year.  He has a history of substance abuse.  Further, he has a lengthy criminal history which includes at least three prior drug-related convictions, including one trafficking conviction, and which includes a number of failures to appear for court and an independent conviction on a charge of failure to appear on a recognizance bond. Additionally, he is awaiting trial on state felony non-support charges and those charges were filed prior to the commission of the instant offense, indicating that even while facing pending criminal charges the defendant is inclined to commit additional criminal offenses.  For all of these reasons, the Court concluded that he had not rebutted the presumption and that he should be detained pending trial.

    The defendant was advised of his right to seek review of this detention order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

                                            /s/ Terence P. Kemp
                                            United States Magistrate Judge